IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| ALBERT WAYNE McKEE, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:03-CV-0044 |
| § | |
| DOUGLAS DRETKE, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent.[1] § | |

### REPORT AND RECOMMENDATION TO DISMISS PETITION
### FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Before the Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner ALBERT WAYNE McKEE. By his habeas application, petitioner challenges a January 16, 2003 prison disciplinary proceeding wherein petitioner was found guilty of threatening to inflict harm on an officer by making threatening gestures in an attempt to entice another offender to strike an officer, and was punished with the forfeiture of thirty (30) days previously accrued good time credits.[2] For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that petitioner's petition for a writ of habeas corpus should be DISMISSED.

---

[1] The previously named respondent in this action was Janie Cockrell who has since been succeeded by Douglas Dretke as Director of the Texas Department of Criminal Justice, Institutional Division. Under Federal Rule of Civil Procedure 25(d)(1), Douglas Dretke "is automatically substituted as a party."

[2] Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

HAB54\DISCIP\R&R\MCKEE-AW.DIS-MOOT:2

I.
PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated with regard to the disciplinary proceeding in Case No. 20030127191 in the following respects:

1. The charging officer did not appear at the disciplinary hearing and was not available for contact by telephone intercom;

2. There was insufficient evidence to find petitioner guilty of the alleged offense because the control booth officer, C.O. Heredia, stated he observed petitioner raise his fist in the day room and tell another inmate to strike C.O Ward, even though C.O. Ward was not inside the living space but was, instead, in the D space on the outside of an electric steel door and glass window;

3. There was insufficient evidence to find petitioner guilty of the alleged offense because five (5) witness statements stated petitioner was not the offender; and

4. Petitioner was denied the right to appeal his disciplinary conviction by actions of TDCJ-CID officials.

II.
MERITS

Petitioner's allegations are without merit. Petitioner first contends the charging officer was Officer Ward, the officer who was the subject of the threat. Officer Ward, however, was not the charging officer as he did not witness the actions taking place behind his back. Instead, C.O. Heredia was the charging officer. From the Hearing Work Sheet, it appears Officer Heredia appeared at the hearing by telephone and was subject to cross-examination by petitioner's counsel substitute. Respondent's Answer, Exhibit B, at 11. Petitioner's first ground should be DENIED.

Petitioner's second and third grounds allege the evidence was insufficient to support a finding of guilt in that Officer Ward was not in the day room and five (5) inmates averred petitioner was not the individual making the threatening gestures. This Court's role on habeas review is only to

determine whether the guilty finding has some facts to support the adjudication. *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). If there is "any evidence at all" to support the disciplinary hearing officer's findings, the result of the hearing will be upheld. *Id.* at 536. Here, petitioner made a statement on his own behalf and the joint statement of the five (5) witnesses exonerating petitioner was read into evidence. The charging officer's statement was also read into evidence and, on cross-examination, he testified he knew petitioner was the individual making the threatening gestures because he "never took [his] eyes off him" until he was identified by another officer. The hearing officer indicated he relied on the charging officer's report and testimony to support his finding of guilt. The testimony of the charging officer constitutes sufficient evidence to support the hearing officer's finding of guilt. Petitioner's second and third grounds should be DENIED.

Petitioner also asserts he was denied his right to appeal the instant disciplinary ruling. Petitioner contends he repeatedly requested a Step 1 grievance while he was held in solitary confinement for thirteen (13) days, but that he was refused the appropriate form. Petitioner maintains that when he was released he filed a Step 1 grievance, but that such grievance was returned to him with the statement that the filing period had expired.

The record does not contain any Step 1 grievance purportedly filed by petitioner but later returned. Petitioner offers no evidence or specific facts demonstrating his filing of the Step 1 grievance. Instead, petitioner makes only bald, self-serving statements, unsupported and unsupportable by anything else contained in the record. Conclusory allegations do not raise a constitutional issue or merit a federal court's attention in a habeas corpus proceeding. *See Ross v. Estelle*, 694 F.2d 1008, 1013 (5th Cir. 1983). Petitioner's conclusory allegation cannot support a granting of federal habeas corpus relief. Moreover, petitioner has failed to demonstrate he was

prejudiced by any purported denial of his right to appeal the disciplinary ruling through the prison grievance process. This Court has considered the merits of petitioner's grounds instead of finding such grounds were procedurally barred from review. Further, petitioner has not shown how he has been prejudiced by the inability to appeal, if, in fact, he was denied an appeal. He has not shown what issues he would have presented in any proceeding through the prison grievance process, and cannot show that such issues would have resulted in a reversal of the disciplinary adjudication. Petitioner's fourth ground should be DENIED.

## III.
## PETITION MOOT

The only relief available to petitioner in this matter was the restoration of the 30-days good time credits forfeited by the disciplinary action. Inquiry to TDCJ-CID on this date reveals petitioner has been released to parole or mandatory supervision and is no longer incarcerated. Consequently, his request for a return of good time credits is now moot. Under Texas Government Code section 498.003(a), "[g]ood conduct time applies only to eligibility for parole or mandatory supervision as provided by Section 508.145 or 508.147 and does not otherwise affect an inmate's term." Therefore, it is the opinion of the undersigned that because of petitioner's release on parole or mandatory supervision, the issues raised in his writ of habeas corpus are moot under the continuing controversy requirement and that such petition should be dismissed.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner ALBERT WAYNE McKEE be DENIED.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 12th day of May 2005.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


\* **NOTICE OF RIGHT TO OBJECT** \*

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as
authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).